Hardin, P. J.
Whether the defendant’s husband contracted for the materials and labor set out in the complaint in his individual name, and to his individual credit, or as the agent of his wife, the defendant, and upon her credit, were the conspicuous questions agitated upon the trial. The plaintiffs gave evidence tending to sustain the averment that the defendant, through her agent, contracted the indebtedness mentioned in the complaint. The plaintiffs were sworn as witnesses; gave the circumstances attending the creation of 'the debt, and the admissions of the defendant. The plaintiffs’ version was supported by the testimony of one Rice, and by some other evidence, which appears in the case. The defendant and her husband pointedly contradicted the testimony, given by the plaintiffs, and gave evidence tending to show that the debt was that of the husband, and not of the wife, the defendant. It was within the province of the jury to determine the question of fact. We are not able to say that their verdict is contrary to the weight of evidence. It is therefore our duty to accept it as conclusive upon this appeal.
Plaintiff was permitted to prove a conversation held with the husband of the •defendant, against the objection and exception of the defendant. It was competent to show that he ordered the work, and what he said in respect to the mode in which the plaintiffs would get their pay, and the fact that he represented himself to be the agent of the defendant. Those facts did not establish the agency of the husband; but at a later stage of the ease evidence was given by the plaintiffs tending to show that he was in fact the agent of the defendant, and the husband’s version of that conversation was also given. While we recognize the rule that declarations of the agent, before proof of his authority is given, are not admissible to establish the agency, (Stringham v. Insurance Co., 4 Abb. Dec. 315; Deck v. Johnson, 1 Abb. Dec. 497,) we are of the opinion that the ruling receiving the conversation made by the defendant’s" husband was not erroneous; nor do we think it was error to receive the *867 testimony of an interview with the husband, in which he said: “I would like to have you take it to my wife, and see whether she will accept it or not,” as the testimony was followed by the fact that the plaintiffs made out a bill, and delivered it to him for the purpose of enabling him to deliver it to his wife. When the witness Rice was upon the stand he testified that, after working upon the “wood-job,” in 1879, in the fall, he had an interview with the defendant, and described the circumstances leading up to the interview, and that they “talked the matter over, and gave me an order on Mr. Wright; and I got my pay in that way.” The evidence thus given bore slightly upon the issue in respect to the agency, and was therefore properly received. It .appears by the evidence that on the 4th of November, 1881, before N. C. Alvord, a justice of the peace, an issue between Platt B. Oakley and Sophia Dodge was tried, and upon that trial the defendant there and here was called as a witness; and it also appears one of the plaintiffs here, William M. Smith, was present and sworn as a'witness; and also that the defendant here testified that she sold the timber standing, and that she had no agent; that no one was authorized to contract debts for her in regard to that land. It also appears by the testimony of Alvord, the justice, that William M. Smith testified on that occasion “to an interview which he claimed he had with Mrs. Dodge, at which he claimed she stated that Mr. Dodge was her agent at the time of the interview.” Upon this trial William M. Smith, the witness, testified that he was at the trial before Alvord, and “heard Mrs. Dodge sworn.” He was then asked: “Upon that occasion did you not hear Mrs. Dodge testify that she had no agent upon that land?” The question was objected to as immaterial, and the court sustained the objection, and the defendant took an exception. The particular agency that was the subject of the inquiry in this action was not as to the husband’s agency in respect to the land, but in respect to the purchases and matters referred to in the pleadings in tins action. We .think the testimony in respect to what she may have testified to in respect .to whether she had “an agent upon that land” was not so material or relevant to the issue here as to make its exclusion an error prejudicial to the defendant. The admissions of the defendant, relied upon by the plaintiff principally to establish the agency of the husband, were had with the defendant before the testimony which she gave before Alvord, the justice of the peace. If the plaintiff had heard her testify, as the question contemplated, on the 4th of November, 1881, it would not take away his right of recovery, or his right to rely upon the admissions which she had made to the contrary to the testimony which she there gave.
After the evidence was in, the county judge, in an elaborate charge, called the attention of the jury to the principal features of the case, and submitted the question of fact involved therein quite fully and fairly to the jury. No particular exception to his charge is pointed out in the brief of the learned counsel for the appellant, although it is claimed that certain exceptions to the charge were well taken. We have looked at all the exceptions found in the appeal-book in respect to the charge, and are of the opinion that none of them are well taken. The questions of fact were submitted for the determination of the jury in appropriate language. Inasmuch as no interest was given upon the claim, it is of no importance to consider the exceptions relating to the rule of law to be applied in respect to the interest. The verdict should stand. Judgment of the county court of Oswego county affirmed, with costs. All concur.